## DuBose *v.* State.

### Opinion delivered May 2, 1903.

CAMP-HUNTING—CONSTRUCTION OF ACT.—Act of February 11, 1897, makes it unlawful "to engage in what is commonly known as camp-hunting" in certain counties, and construes camp-hunting "to mean persons camping in the woods, or at or near any house with guns and dogs for the purpose of hunting game." Defendant was invited to B's house, where he ate and at night slept on the porch, except that one night when it rained he slept in an unoccupied tent which stood in the yard. Whilst there defendant and others hunted deer with guns and dogs. *Held* that defendant was not "camp-hunting" in the sense of the law.

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

## STATEMENT BY THE COURT.

The defendants were indicted jointly for camp-hunting in violation of the special act of the legislature, to be found on page 26, Acts of 1897, regular session, which makes it "unlawful for any person or persons to engage in what is commonly known as camp-hunting and fire-hunting in the counties of Lafayette, Miller and Desha, of this state." The indictment was returned December 30, 1901, and charges that they "did unlawfully camp-hunt and chase deer with guns and dogs, contrary to the form," etc.

Defendants, at the June, 1902, term of the Miller circuit court, entered their plea of not guilty, and the case was submitted to the court on an agreed statement of facts, and this was all the testimony in the case, and is as follows:

"That Bird Griffith and Jim Griffith, who are residents of Lafayette county, live about ten miles from Ben Bland, who lives in Miller county, Ark.; that Ben Bland married the daughter of Bird Griffith, who is the sister of Jim Griffith; that said Bird Griffith and Jim Griffith went to Mr. Bland's to visit said Bland and his wife, and whilst there went hunting with Mr. Bland, who had dogs, and killed two or three deer on the hunt; that Ches. DuBose (called here Chas. DuBose) is and was at the time the sheriff of Lafayette county, Ark., and was traveling through that neighborhood, and had with him a gun, and was invited by said Bland to join in said hunt; that Bird Griffith and Jim Griffith ate and slept in the house of Mr. Bland, but, by reason of Mr. Bland having only one room for sleeping, which was occupied by Mr. and Mrs. Bland, while the father and brother were accommodated with sleeping arrangements in said room, for reasons of delicacy Mr. DuBose slept on the porch, the weather being warm; that some one named Reynolds had a tent in the yard, already up, but these parties had no connection with said Reynolds or said tent; and, said tent being unoccupied, upon a rain coming up during the night, Mr. DuBose went from the porch to the tent to escape the rain, and made no other use of said tent; they hunted two days, and they chased deer with guns and Mr. Bland's dogs in Miller county on said occasion, within twelve months before the filing of the indictment herein." The court found defendants guilty, and fixed their fine at fifty dollars each.

Thereupon defendants filed their motion for a new trial, which was overruled, and defendants excepted and appealed.

*Webber & Webber,* for appellants.

WOOD, J., (after stating the facts). Section 1 of the act of February 11, 1897 (Acts of 1897, p. 27) makes it "unlawful * * * to engage in what is commonly known as camp-hunting and fire-hunting" in certain counties.

Section 3 construes the first section as follows: "Camp-hunting and fire-hunting * * * shall be construed to mean persons camping in the woods, or at or near any house, with guns and dogs for the purpose of hunting game," etc. The agreed statement of facts shows clearly that defendant violated neither the spirit nor letter of the act. The house appellants visited was occupied by a family, and appellants, it appears, were on a visit to members of the family. This is not "camping" in the sense of the law.

The judgment is reversed, and the cause remanded for a new trial.